UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

BRIAN WHITTON,

        Plaintiff,

      v.                                                                     Case No. 21-C-844

UNITED STATES OF AMERICA,

        Defendant.

_____

## ORDER
_____

      Defendant Brian Whitton is currently serving a 15-year sentence following his convictions for arson, use of fire to commit a felony offense, mail fraud, and making a false statement to an ATF Special Agent after a four-day jury trial. *See United States v. Whitton*, No. 19-CR-224. Whitton appealed but later moved to dismiss his direct appeal. His motion was granted and an order dismissing the appeal was entered on May 28, 2021.

      On July 14, 2021 Whitton filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255 alleging his trial counsel provided ineffective assistance of counsel by coercing him into waiving his right to testify at trial and refusing to call his wife Natalie Whitton and Attorney Glen Kulkowski to testify on his behalf. In support of his motion Whitton filed his own affidavit in addition to affidavits from Natalie Whitton and Attorney Kulkowski. According to Whitton, the witnesses would have offered testimony regarding his financial condition prior to the arson and the legality of the land contract Whitton executed to purchase the bar. Whitton alleges that the testimony would have rebutted the United States' evidence that he had a financial motive to commit the crimes charged.

On July 21, 2021, the Court ordered the government to file a response to Whitton's motion and his request for an evidentiary hearing within 30 days. In the process of preparing its response to Whitton's motion, the government sought input from Whitton's trial attorney, Daniel Adams. Because of the attorney/client privilege, Attorney Adams was reluctant to speak with the government about his representation of Whitton. The government has now moved for an order finding that Whitton has waived his attorney/client privilege with respect to Attorney Adams' representation of him in connection with the trial in this matter.

The attorney/client privilege can be waived either explicitly or implicitly. *Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095, 1098 (7th Cir. 1987). A litigant who challenges the adequacy of his attorney's performance implicitly waives the attorney/client privilege as to the matters relating to that performance. *Garcia v. Zenith Electronics Corp.*, 58 F.3d 1171, 1175, n.1 (7th Cir. 1995); *see also United States v. Pinson*, 584 F.3d 972, 977–78 (10th Cir. 2009) ("When a habeas petitioner claims that he received ineffective assistance of counsel, he puts communications between himself and his attorney directly in issue, and thus by implication waives the attorney-client privilege with respect to those communications."); *Jenkins v. United States*, No. 09-CV-713-JPS, 2010 WL 145850 *2 (E.D. Wis. Jan. 8, 2010) ("The generally accepted rule is that a litigant that challenges the sufficiency of his attorney's services impliedly waives the attorney-client privilege as to matters relating to those issues.").

Based on this authority, the Court concludes from the allegations of Whitton's motion that he has implicitly waived the attorney/client privilege communications with Attorney Adams relating to the claims he has asserted in this matter. Accordingly, Attorney Adams is no longer privileged to withhold relevant communications from the government concerning his representation of Mr. Whitton.

In addition, the government has moved for additional time in which to respond to Whitton's motion and request for an evidentiary hearing. That motion is also granted and the time for the government's response is extended to September 30, 2021.

**SO ORDERED** at Green Bay, Wisconsin this 20th day of August, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge